# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CLIFFORD B. REPOTSKI, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MR. JEFFREY SCHMEHL, *et al.*, | : | NO. 17-4036 |
| Defendants. | | |

## MEMORANDUM

**PRATTER, J.**  NOVEMBER 24, 2017

On September 5, 2017, Cynthia Yoder, who is Clifford Repotski's mother, filed a motion to proceed *in forma pauperis* and a *pro se* Complaint, which she indicated that she had filed as power of attorney on behalf of her father, her mother, and her son. (ECF No. 1.) By Order entered on October 5, 2017, the Court informed Ms. Yoder that she cannot appear *pro se* on behalf of her parents and her son, the true parties at interest in this matter. (ECF No. 2.) Accordingly, the Court denied Ms. Yoder's motion to proceed *in forma pauperis* as moot and directed the Strunks (Ms. Yoder's parents) and Mr. Repotski to, within thirty (30) days, submit a complaint that is signed by either themselves proceeding *pro se* or by an attorney appearing on their behalf, and either pay $400.00 or submit individual motions to proceed *in forma pauperis*. (*Id.*) Subsequently, Ms. Yoder filed a motion for reconsideration. (ECF No. 3.) By Order entered on November 2, 2017, the Court denied her motion and directed the Strunks and Mr. Repotski to, within fourteen (14) days, submit a complaint that is signed by either themselves proceeding *pro se* or by an attorney appearing on their behalf, and either pay $400.00 or submit individual motions to proceed *in forma pauperis*. (*Id.*)

1

On November 6, 2017, Mr. Repotski filed a motion to proceed *in forma pauperis* and a *pro se* Complaint. (ECF Nos. 5 and 5-1.) Because Ms. Yoder cannot appear *pro se* on behalf of her parents and her son, the Court will only consider the Complaint filed by Mr. Repotski and will not consider the Complaint previously submitted by Ms. Yoder and will direct that the caption in this case be amended to reflect that set forth on Mr. Repotski's Complaint. For the following reasons, the Court will grant Mr. Repotski leave to proceed *in forma pauperis* but will dismiss his Complaint.

## I. FACTS

On or about January 22, 2013, Mr. Repotski, along with the Strunks and Ms. Yoder, filed a complaint in the Court of Common Pleas of Chester County, Pennsylvania, against the Chester County Detectives Division, Chester County D/C Richard, Detective Joseph Walton, the East Coventry Township Police Department, and Officers Mistie Greenwalt and Christopher Jason. *See* Notice of Removal, *Strunk et al v. Chester Cty. Detectives Division*, No. 13-824 (ECF No. 1.) In the complaint, they alleged various constitutional and statutory violations related to a search of the Strunks' residence that led to the discovery of child pornography on Mr. Repotski's computer. (*See id.*) Subsequent to the search, Mr. Repotski pled guilty to four counts of possession of child pornography in the Court of Common Pleas for Montgomery County. *See Commonwealth v. Repotski*, No. CP-46-CR-0001643-2011 (Montgomery Cty. Ct. Common Pleas). He was sentenced to six years of probation and was required to register as a sex offender for ten (10) years. *Id.*

The case was removed to this Court on February 14, 2013 and was assigned to the Honorable Jeffrey L. Schmehl. On March 2, 2015, Judge Schmehl granted the motions to dismiss filed by the defendants and dismissed the matter with prejudice. *Strunk v. Chester Cty.*,

No. 13-824, 2015 WL 865477, at *6 (E.D. Pa. Mar. 2, 2015). On December 20, 2016, the United States Court of Appeals for the Third Circuit affirmed Judge Schmehl's judgment, but modified the dismissal to reflect that a malicious prosecution claim was dismissed without prejudice. *Strunk v. East Coventry Twp. Police Dep't*, 674 F. App'x 221, 225 (3d Cir. 2016).

Mr. Repotski, unhappy with Judge Schmehl's ruling in Civil Action No. 13-824, has filed the instant Complaint, pursuant to 42 U.S.C. § 1983, against Judge Schmehl, as well as his ex-girlfriend Heather Williams, Kenneth Winchell, Ronald Briggs, Heather Briggs, Ian Briggs, and Tyler Briggs. Mr. Repotski contends that by dismissing Civil Action No. 13-824, Judge Schmehl "acted out of the scope of his duties, conspired and colluded with other officers of the Court, violated his oath, committed fraud of the Court, and breached [Mr. Repotski's] appointed power of attorney contract." (Compl. at 5, ECF No. 5-1.) He alleges that Judge Schmehl "has abused his powers and [hid] under the colors of the law." (*Id.* at 6.)

Mr. Repotski further alleges that his ex-girlfriend, Heather Williams, destroyed his "good name" because "she was too lazy to get a job to properly care and provide for her children." (*Id.* at 8.) He asserts that because of the defendants' actions, he "lost gainful employment [and] spent over 5 months in prison." (*Id.*) He also contends that he was "maliciously treated and required to become a registered sex offender for a crime which [he is] innocent of committing." (*Id.*) As relief, he requests: (1) that his sentence be vacated, (2) that his name be removed from the sex offender registry, (3) that the Montgomery County District Attorney's Office be required to immediately issue a public apology, (4) that the conduct of all officers of the Court be investigated, (5) that all of his cases relating to his false arrest be reopened, and (6) that Ronald Briggs, Heather Briggs, Ian Briggs, Tyler Briggs, Kenneth Winchell, and Heather Williams be charged and arrested for possession and distribution of child pornography. (*Id.* at 9-10.) Mr.

3

Repotski also requests that he be recognized as the victim of a crime, that the welfare program be reimbursed over $300,000.00 on his behalf, and that his grandparents and power of attorney be reimbursed for their expenses. (*Id.* at 10.)

## II. STANDARD OF REVIEW

The Court will grant Mr. Repotski leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees necessary to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Mr. Repotski is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Mr. Repotski's Complaint fails to allege a meritorious claim against any of the named defendants.

4

### A. Challenges to Conviction and Sentence

In his Complaint, Mr. Repotski challenges his conviction and sentence for possession of child pornography. However, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). As Mr. Repotski's conviction has not yet been reversed, expunged, or otherwise invalidated, his damage claim, to the extent he is challenging this conviction, is currently not cognizable under § 1983. Therefore, the Court will dismiss any such claim without prejudice to Mr. Repotski filing a new complaint only in the event that his conviction is ever vacated.

### B. Claims against Judge Schmehl

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). As noted above, it is apparent that Mr. Repotski is suing Judge Schmehl based on Judge Schmehl's dismissal of Civil Action No. 13-824. Thus,

5

Mr. Repotski's claims against Judge Schmehl are clearly barred by judicial immunity and are legally baseless.

### C. Claims against the Remaining Defendants

Mr. Repotski requests that the remaining defendants (Heather Williams, Kenneth Winchell, Ronald Briggs, Heather Briggs, Ian Briggs, and Tyler Briggs) to be charged and arrested for possession and distribution of child pornography. To the extent that Mr. Repotski contends that these individuals have violated criminal laws, criminal statutes do not provide a basis for civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."). Moreover, there is no legal basis for Mr. Repotski to seek the initiation of criminal charges against these individuals. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (observing that a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings."). Thus, Mr. Repotski fails to state a claim for relief against these individuals.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Repotski's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Repotski will not be given leave to amend because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows, which shall be docketed separately.